T.C. Memo. 1998-375


UNITED STATES TAX COURT


M.J. WOOD ASSOCIATES, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

LONNIE C. CHRISTENSEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 10978-94, 11982-94.          Filed October 15, 1998.


        Ps timely filed petitions with the Tax Court.
Subsequently, Ps became defendants in a criminal tax
case before the U.S. District Court for the District of
Nevada.  In the criminal tax case, Ps were ordered to
pay fines and make restitution of a total amount of
civil tax liability to the Internal Revenue Service for
tax years 1972 through 1993 (which include the tax
years in issue in this civil tax case).  Ps moved for
summary judgment here, arguing that the doctrines of
res judicata and collateral estoppel obviate the need
for this Court to consider R's deficiency
determinations.  Ps further argue that the District
Court's criminal case restitution orders constitute
adjudications of the amounts of tax, interest, and
penalties owed by Ps.  R contends that Ps are not
entitled to summary judgment because jurisdiction to

determine the amounts of Ps' petitioned civil income tax deficiencies lies solely with the Tax Court.

Held:  Ps' choice of the Tax Court to litigate their civil tax liabilities caused the Tax Court to acquire exclusive jurisdiction to decide the amounts of civil tax liabilities for the taxable years petitioned.  Held, further, The District Court's restitution order does not have preclusive effect under the doctrine of either res judicata or collateral estoppel with respect to any portion of the civil tax liabilities before the Tax Court.

William A. Cohan, for petitioners.

Paul K. Voelker, for respondent.

MEMORANDUM OPINION

GERBER, Judge:  We consider in these consolidated cases petitioners' motion for summary judgment.  Petitioners contend that the instant action is barred by the doctrines of res judicata and collateral estoppel because restitution orders, which were part of the judgment in a criminal proceeding, constitute an adjudication of the amounts of tax, interest, and penalties owed by petitioners.  Respondent contends that petitioners are not entitled to summary judgment because jurisdiction to determine the petitioned civil income tax deficiencies lies solely with the Tax Court.

Background

A statutory notice of deficiency was mailed to petitioner Lonnie C. Christensen (Mr. Christensen) and his then wife, Shauna S. Christensen, on April 14, 1994.  Respondent determined an

income tax deficiency of $486,399 and a section 6662(b)(2)[1]
penalty of $97,280 for the Christensens' 1990 taxable year.  A
separate statutory notice of deficiency was mailed to petitioner
M.J. Wood Associates, Inc. (M.J. Wood), on April 14, 1994,
determining an income tax deficiency of $94,640 and a section
6662(b)(2) penalty of $18,928 for the fiscal year ending
September 30, 1990.  Petitions were timely filed in both cases.

Thereafter, petitioners became defendants in the criminal
case captioned United States v. Lonnie C. Christensen Et Al.,
docket No. COMMISSIONER-S-95-74-LDG (LRL) (D. Nev. 1997), which
was commenced on April 7, 1997.  By the parties' choice, the
civil income tax cases pending before this Court were generally
inactive during pendency of the criminal proceedings.

Petitioners' criminal indictments were issued on or about
January 17, 1996.  Petitioners were charged with conspiracy,
beginning in 1972 and continuing through February 1994, to
defraud the United States for the purpose of obstructing the
assessment and collection of individual and corporate income
taxes.  In addition, Mr. Christensen was charged with willfully
filing false individual income tax returns for 1988, 1989, and
1990 under section 7206(1), of which he was found guilty.  Mr.

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years under
consideration, and all Rule references are to this Court's Rules
of Practice and Procedure.

Christensen was also found guilty of conspiracy, obstruction of justice, and mail fraud.  The corporation was found guilty of conspiracy and aiding and assisting in the preparation of a false corporate tax return for the fiscal year ending September 30, 1989.

On October 29, 1997, the U.S. District Court for the District of Nevada (District Court) pronounced sentence on petitioners.  Petitioners were ordered to pay fines and make restitution of civil tax liabilities to the Internal Revenue Service for the tax years 1972 through 1993 (which years included the years in issue before this Court).  Specifically, the District Court ordered the following criminal monetary penalties and restitution of civil tax liability:

| Lonnie C. Christensen | M.J. Wood |
|---|---|
| Fine:  $150,000 | Fine:  $1,000,000 |
| Restitution:  $3,794,773 (IRS)[1] | Restitution:  $3,794,773 (IRS) |

[1]This figure represents $1,707,573 in income tax deficiencies and $2,087,200 in interest.  The restitution figures were expressed as a total amount jointly and severally due by the individual and corporate defendants.  The District Court did not specify whether the amounts are attributable to a particular defendant/taxpayer or taxable year.

The District Court further held that the defendants were jointly and severally liable for restitution, but each defendant was individually liable for the fine.

Discussion

Rule 121(b) provides that summary judgment may be rendered if no genuine issue exists as to any material fact and a decision may be rendered as a matter of law. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that no genuine issue of material fact exists. Marshall v. Commissioner, 85 T.C. 267, 271 (1985). The facts are viewed in a light most favorable to the nonmoving party. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Petitioners raise the contention that the instant action before the Tax Court is barred by the doctrines of res judicata and collateral estoppel because the District Court adjudicated the amounts of tax, interest, and penalties owed by petitioners in the restitution orders incorporated in the judgment of the criminal proceeding. Respondent argues that petitioners are not entitled to summary judgment because petitioners chose the Tax Court for a redetermination of respondent's determination.

We do not question the jurisdiction or authority of the District Courts to order defendants to make restitution of their civil income tax liabilities. Federal District Courts have jurisdiction over criminal violations of the Federal income tax laws. United States v. Spurgeon, 671 F.2d 1198, 1199 (8th Cir. 1982). Petitioners were ordered to pay restitution to the

Internal Revenue Service under the Victim and Witness Protection Act (VWPA), 18 U.S.C. sec. 3663 (1994). Although the VWPA does not address restitution for a crime under title 26, see United States v. Gottesman, 122 F.3d 150, 151 (2d Cir. 1997), it generally provides for restitution for any violation of title 18 criminal offenses, see United States v. Stout, 32 F.3d 901, 905 (5th Cir. 1994). In addition to title 26 violations, petitioners were convicted of conspiracy under 18 U.S.C. section 371.

The jurisdiction of the Tax Court derives from section 7442 and is statutory. Stamm Intl. Corp. v. Commissioner, 84 T.C. 248, 253 n.12 (1985). A taxpayer has two basic options after receiving a notice of deficiency. One is to petition the Tax Court before payment of the tax, and the other is to pay the tax and sue for a refund in a District Court or in the U.S. Court of Federal Claims. Sec. 7422(a); Naftel v. Commissioner, supra at 533. Once taxpayers choose to litigate their claims in a particular forum, with limited exception, see sec. 7422(e), exclusive jurisdiction is acquired over the civil tax liability by the chosen forum, Naftel v. Commissioner, supra; Dorl v. Commissioner, 57 T.C. 720, 721 (1972). The Tax Court acquires jurisdiction if a taxpayer timely files a petition. Naftel v. Commissioner, supra.

Petitioners timely filed their petitions with this Court almost 3 years before the commencement of the criminal proceeding in District Court.  The filing of the petition in the Tax Court deprives other possible Federal forums of civil tax jurisdiction for years petitioned to the Tax Court.  United States v. Wolf, 238 F.2d 447, 449 (9th Cir. 1956); Dorl v. Commissioner, supra. The fact that the cases before the Tax Court were inactive during pendency of the criminal proceedings does not alter this result. It is the taxpayer's action in filing a valid petition in the Tax Court, and not any action taken by the Court, that is determinative.  United States v. Wolf, supra.  There is nothing in the VWPA that would change that result.  Moreover, the VWPA provides that a restitution order will be reduced by a later recovery in any Federal civil proceeding.  See 18 U.S.C. sec. 3664(j)(2).  More importantly, the District Court  did not adjudicate the amounts of petitioners' civil tax liabilities for the years pending before this Court.

Petitioners contend, however, that the doctrine of either res judicata or collateral estoppel would operate to bar retrial of or estop respondent with respect to the liabilities before this Court.  These contentions are not supported in the record. The District Court did not adjudicate the amount of petitioners'

civil tax liabilities or make ultimate findings of fact upon which estoppel could be grounded.

The doctrine of res judicata is founded in the public policy that litigation must end and that the result should bind those who have contested the issue. Shaheen v. Commissioner, 62 T.C. 359, 363 (1974). Generally, res judicata applies to repetitious suits involving the same cause of action. Commissioner v. Sunnen, 333 U.S. 591, 597 (1948). The rule of res judicata provides:

> that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." * * * [Id. (quoting Cromwell v. County of Sac, 94 U.S. 351, 352 (1876)).]

The doctrine of res judicata applies only to issues determined by a court of competent jurisdiction. Montana v. United States, 440 U.S. 147, 153 (1979). Therefore, if the District Court lacked jurisdiction to or did not adjudicate petitioners' civil tax liabilities for the years at issue, the principles of res judicata do not apply.

The doctrine of collateral estoppel, or issue preclusion, provides that once an issue of fact or law is "actually and necessarily determined by a court of competent jurisdiction, that

determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." Id. The preclusive effect of a prior court's factual determination depends on whether the prior court had jurisdiction to and did determine the fact at issue. See Brotman v. Commissioner, 105 T.C. 141, 153 (1995).

For collateral estoppel to apply, resolution of the disputed issue must have been essential to the prior decision. Meier v. Commissioner, 91 T.C. 273, 282 (1988). Mr. Christensen was found guilty of willfully filing false income tax returns for 1988, 1989, and 1990 in violation of section 7206(1). To sustain its burden of proof under section 7206(1), the Government must establish that the defendant willfully made a false statement on his return.

The indictment did not charge Mr. Christensen or M.J. Wood with any specific tax liability or amount. Instead, Mr. Christensen was charged with receiving a specific item of income that he knowingly failed to report on his 1990 return. Furthermore, M.J. Wood's conviction for aiding and assisting in the preparation of a false corporate tax return was for the tax year ending September 30, 1989, not September 30, 1990, the year at issue before this Court. Establishing petitioners' specific tax liabilities is not an element of section 7206(1) or the other

criminal charges, and consequently no specific income tax liabilities needed to be determined. See Hickman v. Commissioner, T.C. Memo. 1997-566 (adjudication of a taxpayer's liability was not essential to a conviction under section 7203; therefore, a prerequisite to the application of collateral estoppel was not satisfied).

As discussed above, under section 7442, this Court acquired exclusive jurisdiction to adjudicate petitioners' civil tax liabilities for the years that were petitioned. More importantly, the resolution of petitioners' civil tax liabilities was not essential to the District Court's judgment, and the amounts of petitioners' civil tax liabilities were not specifically litigated or adjudicated in the criminal proceeding. Because the District Court did not decide the specific amounts of petitioners' civil tax liabilities, neither res judicata nor collateral estoppel applies.

Petitioners also argue that the Government cannot be permitted to recover twice on the same tax liability. This Court has jurisdiction to determine whether or not a deficiency or overpayment exists. Should it ultimately be determined that petitioners have made payments in excess of any redetermined tax liability, this Court has jurisdiction to decide the correct amount of any overpayment in the taxable years before the Court.

Sec. 6512(b).  That is so whether payments were made under the District Court's restitution order or for any other reason.

<u>An order will be issued denying petitioners' motion for summary judgment.</u>