# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 2, 2010

No. 09-31025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CLIFFORD E. CLAYTON,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DAVIS, SMITH, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Defendant Clifford Clayton appeals from the district court's entry of a final order of garnishment against the New Orleans Baton Rouge Steamship Pilots Association ("NOBRA") to collect on the restitution that Clayton was ordered to pay to the Internal Revenue Service ("IRS") as part of his federal criminal sentence. Along with other provisions not appealed, the garnishment order in dispute required NOBRA to pay the United States all of Clayton's monthly retirement benefits until Clayton's restitution obligation was extinguished. Clayton argued that the government is precluded from garnishing more than twenty-five percent of his earnings pursuant to § 303 of the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673. The district court concluded that the

No. 09-31025

CCPA's garnishment limitation is inapplicable to Clayton's restitution debt to the IRS because it is a tax debt. We agree and therefore AFFIRM.

Clayton's briefing in this case also makes arguments concerning the underlying criminal sentence, a judgment from which he filed no notice of appeal. We are without jurisdiction to consider those arguments. *See, e.g.*, *Smith v. Barry*, 502 U.S. 244, 248 (1992); *see also* FED. R. APP. P. 3. That portion of his appeal is DISMISSED.

## I. Facts & Procedural History

On March 19, 2008, Clayton pleaded guilty to three misdemeanor counts of failing to file federal income tax returns in violation of 26 U.S.C. § 7203 subject to a plea agreement with the United States. In the factual basis proffered for Clayton's plea, he admitted that he failed to file income tax returns for calendar years 1999, 2000, and 2001, and that he was required to pay a total of $608,727 in taxes for those three years. On March 4, 2009, Clayton was sentenced to eighteen months' imprisonment, one year of supervised release, and criminal monetary penalties in the form of a $75 mandatory assessment and $608,727 in restitution due to the IRS. The restitution portion of Clayton's sentence required him to pay $75,000 by April 3, 2009, and to pay $5,000 monthly toward any unpaid balance upon his release from prison. The district court entered the judgment on the docket on March 6, 2009. Clayton never filed an appeal from that judgment and made the initial $75,000 payment required by the order.

Two months later, after Clayton reported to federal prison, the United States applied to the district court for a writ of garnishment to NOBRA pursuant to the garnishment provision of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3205.[1] The district court granted the application and

---

[1] The United States also applied for writs of garnishment to two other entities not relevant to the substance of this appeal.

No. 09-31025

issued the writ.  NOBRA filed an answer with the district court as required by statute and then amended its answer to provide more detail about the nature of the various payments it anticipated making to Clayton.

In its amended answer, NOBRA explained that it owed Clayton several different kinds of regular but short-term payments related to Clayton's retirement as a riverboat pilot, including accrued unused leave and his final pay. NOBRA also owed Clayton monthly payments of between $15,000 and $16,000 for life, which it described as half-pay inactive status benefits.  The United States characterizes these payments as Clayton's "retirement benefits."

In briefing to the district court, the United States sought all of Clayton's retirement benefits—that is, the entirety of the half-pay inactive status payments—but only twenty-five percent of his other payments from NOBRA. Clayton and the United States argued several reasons for limiting or expanding the amount of permissible garnishment.  The district court determined that the most appropriate solution was the simplest:

> a much more simple reason exists to allow the full garnishment of [Clayton's half-pay inactive status] benefits. Specifically, § 1673(b) of the CCPA—which provides exceptions to the exemptions enumerated in subsection (a), including the "earnings" ex[em]ption—specifically indicates that "[t]he restrictions of subsection (a) of this section do not apply in the case of . . . (C) any debt due for any State or Federal tax."

*United States v. Clayton*, 646 F. Supp. 2d 827, 838 (E.D. La. 2009) (third and fourth alterations in original).  The district court thus entered a final order of garnishment to NOBRA directing it to pay over all of Clayton's half-pay inactive status benefits to the United States.[2]  Clayton timely appealed.

II.  Standard of Review

---

[2] The order also provided for garnishment of twenty-five percent of Clayton's other benefits and payments due from NOBRA.  Neither party appeals that portion of the order.

No. 09-31025

Neither party has briefed the standard of review for a garnishment order issued pursuant to the FDCPA, nor does any precedential decision of this court state the standard. Informed by the standard applied to garnishment orders in private litigation, we follow the lead of an unpublished decision of this court in concluding that an abuse of discretion standard applies. *See Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 425 (5th Cir. 2006) (reviewing garnishment order issued in private litigation for abuse of discretion); *United States v. Seymour*, 275 F. App'x 278, 280 (5th Cir. 2008) (unpublished) (applying *Af-Cap* standard of review in appeal of FDCPA garnishment order entered, as here, to collect a criminal restitution judgment). As we explained in *Af-Cap*,

> a district court necessarily abuses its discretion if its conclusion is based on an erroneous determination of the law. This Court reviews questions of law *de novo*. It should be noted, however, that a trial court's issuance of a [garnishment] order, even if predicated on an erroneous conclusion of law, will not be reversed for abuse of discretion if the judgment is sustainable for any reason.

462 F.3d at 426 (citations omitted). There is no dispute that the controlling issue here is one of statutory interpretation, a question of law that we review de novo. *See id.*; *see also, e.g.*, *Curr-Spec Partners, L.P. v. Comm'r*, 579 F.3d 391, 394 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3321 (U.S. 2010).

## III. Discussion

The United States is authorized to enforce any restitution order imposed as part of a criminal sentence by using its powers under the FDCPA. *See* 18 U.S.C. § 3664(m)(1)(A) (2006); 18 U.S.C. § 3613(a), (f) (2006); *see also United States v. Phillips*, 303 F.3d 548, 550–51 (5th Cir. 2002) (explaining the statutory scheme in detail). The FDCPA in turn authorizes the government to garnish property "in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment." 28 U.S.C. § 3205(a) (2006). However, the

government's power to collect restitution in general is expressly made subject to the restrictions on garnishment of section 303 of the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1673 (2006).  *See* 18 U.S.C. § 3613(a)(3).

The principal restriction imposed by the CCPA is that garnishment of an individual's disposable earnings is limited to twenty-five percent of the debtor's weekly earnings.  15 U.S.C. § 1673(a)(1).  Clayton argues that this restriction applies here to limit the garnishment of his half-pay inactive status benefits.  The United States contends that 15 U.S.C. § 1673(b)(1)(C) expressly removes the garnishment order obtained here from the protection of the CCPA altogether: that subsection provides that, without qualification or exception, "[t]he restrictions of subsection (a) do not apply in the case of . . . (C) any debt due for any State or Federal tax."  15 U.S.C. § 1673(b)(1)(C).

The question then becomes whether the restitution order constitutes a debt "due for any Federal tax." We agree with the government that the unequivocal plain language of 15 U.S.C. § 1673(b)(1)(C) operates to eliminate the twenty-five percent garnishment limit as to this order.

While no state or federal court has apparently ever addressed this provision before,"[w]hen the plain language of a statute is unambiguous and does not lead to an absurd result, our inquiry begins and ends with the plain meaning of that language." *United States v. Dison*, 573 F.3d 204, 207 (5th Cir. 2009) (quotation marks omitted).  The CCPA uses the modifier "any" in describing the tax debts to which it applies, a term we must construe as "broad" and "'ha[ving] an expansive meaning.'" *See Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 219 (2008) (quoting *United States v. Gonzales*, 520 U.S. 1, 5 (1997)).

Certainly, the restitution order is a "debt."  Under the circumstances here, it is also "due for any Federal tax."  The district court ordered restitution in the amount of the taxes that Clayton avoided paying for calendar years 1999, 2000, and 2001 as stated in the agreed factual basis for Clayton's plea and the

No. 09-31025

Presentence Report. The restitution was specifically ordered payable to the IRS, not the United States generally. Other circuits and the United States Tax Court have explained that the payment of criminal restitution based on taxes owed constitutes the payment of tax. *See United States v. Helmsley*, 941 F.2d 71, 102 (2d Cir. 1991) ("[A]ny amount paid as restitution for taxes owed must be deducted from any judgment entered for unpaid taxes in . . . a [parallel] civil proceeding. Restitution is in fact and law a payment of unpaid taxes."); *United States v. Tucker*, 217 F.3d 960, 962 (8th Cir. 2000) (explaining that criminal restitution for a tax crime should be ordered in favor of the IRS and calculated based on the tax owed and that "any amounts paid to the IRS as restitution must be deducted from any civil judgment IRS obtains to collect the same tax deficiency"); *see also, e.g.*, *M.J. Wood Assocs. v. Comm'r*, 76 T.C.M. (CCH) 700, at *2 (1998) (explaining that payments to the IRS made under a criminal restitution order would be credited as payments of tax).

Therefore, because Clayton's restitution order constituted a tax debt, the district court committed no error in declining to apply the CCPA's twenty-five percent limitation and instead ordering the complete garnishment of all of Clayton's half-pay inactive status benefits.

## IV. Conclusion

The district court's final order of garnishment to NOBRA is therefore AFFIRMED. To the extent that Clayton attempts to appeal the underlying restitution order, that portion of his appeal is DISMISSED.