[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14114
Non-Argument Calendar
_____

D.C. Docket No. 0:97-cr-06002-JAG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ANTHONY ROSTAN, JR.,
a.k.a. David Anthony Rostan,
a.k.a. Anthony David Rostano,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 8, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

David Rostan, a federal prisoner proceeding pro se, was convicted of a number of offenses and ordered to pay restitution as part of his sentence. Rostan now appeals from a district court order directing Fidelity Investments to pay money from Rostan's Fidelity accounts into a restitution fund to satisfy the outstanding restitution order, including accrued interest. After careful review, we affirm the district court's order denying Rostan's motion to quash and granting the government's application for a writ of garnishment.

I.

Rostan was originally sentenced in March 2000. At the sentencing hearing, the district court ordered Rostan to pay restitution in the amount of $20,710.83, but the judgment form did not specify a payment schedule. Although the transcript of the sentencing hearing has since been misplaced, the minutes from that hearing reflect that the district court made the restitution "payable immediately." This Court affirmed that judgment—including the restitution order—on direct appeal. United States v. Rostan, No. 00-13005, slip op. at 5 (11th Cir. Nov. 1, 2001) (per curiam).

On March 6, 2007, the district court amended the original judgment form. The amended judgment indicated that, "[h]aving assessed [Rostan's] ability to pay," restitution in the amount of $20,710.83 was "due immediately." As we have

2

noted, this payment schedule is consistent with that reflected in the minutes of the original sentencing hearing. The amended judgment form did not purport to alter any findings the district court made regarding Rostan's interest payment obligations. Indeed, the amended judgment clearly contemplates payment of interest by noting that restitution payments shall be applied to the principal before the accrued interest.

In March 2012, the government filed an application for writ of garnishment upon Fidelity pursuant to 28 U.S.C. § 3205. According to the government, Rostan had paid only $775.00 towards the restitution judgment, and the balance of the principal and interest remained due. Fidelity answered, noting that it maintained two accounts for Rostan "with a net worth in excess of the [restitution] judgment." Rostan raised several objections to garnishment, including that he had not been notified until the 2007 amended judgment that restitution was payable immediately, that the original judgment included only restitution and made no mention of interest, and that the district court failed to consider his financial resources when it ordered immediate payment.[1] The district court denied Rostan's objections and motion to quash, directing Fidelity to pay $35,069.69 in principal and interest out of Rostan's accounts. Rostan now appeals this order, arguing that

---

[1] Rostan raised several other objections to the garnishment order, but they are abandoned on appeal because they are not raised in his initial brief. See United States v. Levy, 379 F.3d 1241, 1244 (11th Cir. 2004) (per curiam).

(1) neither the sentencing hearing nor the 2000 judgment form addressed the interest payments or the schedule of payments, (2) the 2007 judgment form does not address interest, and (3) the district court failed to evaluate his financial conditions before ordering immediate restitution payment.

## II.

This Court has not addressed the standard of review that applies to a district court's garnishment order pursuant to 28 U.S.C. § 3205.[2]  But where, as here, a defendant-debtor's challenge to a garnishment order is based on a challenge to the propriety of the underlying restitution order, the garnishment order would be appropriate under any standard of review so long as the underlying restitution order is appropriate.  And because the time to appeal the substance of the 2000 restitution order has long passed, in this appeal we consider only the propriety of the garnishment order.  See Fed. R. App. P. 4(b).  As a result, we will affirm the district court's order that Rostan pay interest as of the date restitution was ordered so long as it adheres to the original restitution order.  See United States v. Sloan, 505 F.3d 685, 696–97 (7th Cir. 2007) (upholding garnishment order which was consistent with a valid restitution order that the defendant had not timely challenged).

---

[2] As best we can tell, only the Fifth Circuit has explicitly defined the applicable standard of review in a published opinion, holding that a garnishment order is reviewed for abuse of discretion. United States v. Clayton, 613 F.3d 592, 595 (5th Cir. 2010).

Rostan argues that the garnishment order does not adhere to the original restitution order because (1) neither the 2000 nor the 2007 judgment made mention of any obligation to pay interest and (2) the 2000 restitution order did not require immediate payment.  Both challenges are without merit.

When a district court orders a defendant to pay restitution in excess of $2,500, the obligation that he pay interest is triggered by statute.  See 18 U.S.C. § 3612(f)(1) ("The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." (emphasis added)).  There is no requirement that the judgment form express the default requirement that the defendant pay interest on the restitution ordered.  See id. § 3612(b)(1).  And given the district court's silence on the matter, it is clear that the court did not exercise its discretion in 2000 to waive or limit the interest requirements.  See id. § 3612(f)(3) ("If the court determines that the defendant does not have the ability to pay interest under this subsection, the court may—(A) waive the requirement for interest; (B) limit the total of interest payable to a specific dollar amount; or (C) limit the length of the period during which interest accrues." (emphasis added)).  We therefore conclude that Rostan's original sentence included, by operation of law, a requirement that he pay the statutorily required interest on the restitution ordered.

Rostan's argument that his original sentence did not explicitly require immediate payment is also unavailing, for two reasons. First, it was made clear in the minutes of the sentencing hearing that that the restitution order was "payable immediately." This notation from the hearing controls to the extent there is any irreconcilable discrepancy between the orally imposed sentence and the written judgment order. See United States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990). But in any event, given the statutory default payment schedules, there is no discrepancy between the judgment form and the oral sentence. The default payment schedule for all orders of restitution requires a defendant to make immediate payment. 18 U.S.C. § 3572(d)(1) ("A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments."). The restitution order is only required to include a payment schedule "if other than immediate payment is permitted under section 3572(d)." Id. § 3612(b)(1)(D). Given the district court's oral order regarding the payment schedule, and in light of the omission of any alternative payment schedule, the default payment schedule applied to the 2000 restitution order.

The 2007 amendment to the judgment form did nothing to alter the original restitution order's requirement that Rostan pay interest pursuant to § 3612(f). Rostan is right that the 2007 amended judgment form is, like the 2000 sentencing

hearing and judgment form, silent on the issue of interest payments. But as we've said, the interest payments are automatically triggered regardless of whether they are explicitly reflected in the sentence. And although Rostan argues otherwise, the 2007 amendment did nothing to substantively change the schedule of payments, either. The 2007 amendment merely corrected a clerical omission in the written order, making explicit the payment schedule in light of the orally imposed sentence and the statutory default payment rules.

For these reasons, Rostan's restitution order is, and always has been, an order to pay the restitution principal as well as statutory interest from the date of the judgment. The garnishment order simply enforced these terms, the propriety of which Rostan cannot challenge anew at this late stage.[3] See Fed. R. App. P. 4(b). On this record, the district court made no error in issuing a garnishment order that faithfully adhered to the requirements of the restitution order. See Sloan, 505 F.3d at 696–97.

To the extent Rostan challenges the district court's decision not to modify the accrued interest when it ordered garnishment, that argument is also without merit. It is true that the district court "may" modify the interest payment requirement. 18 U.S.C. § 3612(f)(3). Again, given the timing of this appeal, Rostan cannot now challenge the district court's failure to modify his interest

___

[3] For this reason, we do not consider Rostan's argument that the original restitution order failed to take into account his financial conditions as required by 18 U.S.C. § 3664(f)(2).

payment obligations when it issued the original restitution order or the 2007 amendment. To the extent that we interpret Rostan's 2012 objections to the application for a writ of garnishment as a petition for relief from the previously imposed interest obligations, the district court had no basis to modify the mandatory § 3612(f)(1) interest payments in 2012. There is no question that in 2012, Rostan did have the ability to pay the interest required by § 3612(f)(1). Section 3612(f)(3) permits modification of the mandatory interest payment only where the defendant "does not have the ability" to pay it. Therefore, the district court was without authority to modify Rostan's interest payment obligations in 2012.

For these reasons, we AFFIRM the district court's order granting the government's application for a writ of garnishment and denying Rostan's motion to quash.

**AFFIRMED.**