**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1451

_____

GOVERNMENT OF THE VIRGIN ISLANDS*

v.

JONATHAN COHEN,
Appellant

*(Amended per Clerk's Order dated 03/14/2019)

_____

On Appeal from the District Court of the Virgin Islands
(D.C. Criminal No. 1-14-cr-00041-001)
District Judge: Honorable George W. Cannon

_____

Argued May 20, 2020

Before:  GREENAWAY, JR., PHIPPS, and FUENTES *Circuit Judges*.

(Opinion filed: September 9, 2020)

Yohana M. Manning, Esq. **[ARGUED]**
Manning Legal Services
Suite 2
2120 Company Street
Christiansted, VI 00820
    *Counsel for Appellant*


Denise N. George, Esq., Attorney General
Pamela R. Tepper, Esq., Solicitor General
Dionne G. Sinclair, Esq., Assistant Attorney General **[ARGUED]**
Su-Layne U. Walker, Esq.
Office of Attorney General of Virgin Islands

Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, VI 00802
    *Counsel for Appellee*

_____

OPINION[*]

_____

PHIPPS, *Circuit Judge*.

Between 2002 and 2013, Jonathan Cohen evaded Virgin Islands tax obligations for himself and three corporations that he owned. In 2014, the Government of the Virgin Islands filed a 21-count Information charging Cohen with the willful failure to file a return, supply information, or pay income taxes, *see* V.I. Code Ann. tit. 33, § 1524, and with failure to pay gross-receipt taxes for his three corporations, *see id.* § 43. The parties reached a plea agreement under which Cohen would plead guilty to two counts in an Amended Information and pay $892,402 in restitution. In return, the Government would recommend five years' probation, and it would preserve its ability to pursue civil remedies against Cohen for unpaid taxes. As a matter within its jurisdiction, *see* 48 U.S.C. § 1612(a), the District Court accepted Cohen's guilty plea and sentenced him to the recommended five years' probation along with $10,000 in fines and the agreed-upon amount of restitution, which Cohen had to pay within five years. Later, after Cohen paid $80,000 of the restitution, the District Court amended the restitution order so that

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Cohen had to deposit in the court registry payments of $6,000 monthly and three lump-sum amounts by September 2020.

But before the expiration of his probation and after Cohen had made some monthly payments and one lump-sum payment, the Governor of the Virgin Islands pardoned him. The pardon identified Cohen, specified his conviction, and fully restored his civil rights:

> **NOW THEREFORE**, by the powers vested in me by Section 11 of the Revised Organic Act of 1954, as amended, I, Kenneth E. Mapp, Governor of the Virgin Islands of the United States, hereby grant **JONATHAN KALIS COHEN** a **PARDON** for his conviction in Case No.: Criminal No. DC-2014-CR-0041, in the District Court of the Virgin Islands, judgment having been entered on September 29, 2015, and amended on February 28, 2017, and hereby restore his civil rights in all respects to the extent allowable by law.

Order Granting a Pardon to Jonathan Kalis Cohen, Dec. 22, 2018 (JA at 34-35).

After receiving the pardon, Cohen moved to vacate his sentence and to stay the transfer of his restitution deposits from the court registry to the Government. The District Court denied those motions, and Cohen appealed that order within fourteen days. In exercising jurisdiction over a timely appeal of a final order, *see* 28 U.S.C. § 1291; Fed. R. App. P. 4(b), we review the District Court's legal conclusions *de novo*, *see United States v. Reynolds*, 710 F.3d 498, 506 (3d Cir. 2013); *see also Saludes v. Ramos*, 744 F.2d 992, 993-94 (3d Cir. 1984), and we will reverse those parts of the judgment (i) requiring Cohen to pay restitution and (ii) denying a stay of the transfer of Cohen's restitution deposits from the court registry to the Government.

This case concerns the Governor's power to pardon offenses of Virgin Islands law. A federal statute, the Revised Organic Act of the Virgin Islands, confers upon the Governor of the Virgin Islands the power to pardon. *See* 48 U.S.C. § 1591 (1954) (permitting the Governor to "grant pardons and reprieves and remit fines and forfeitures for offenses against local laws"). The Governor's pardon power closely resembles the presidential pardon power. *See* U.S. Const. art. II, § 2, cl. 1 (granting the President the "Power to grant Reprieves and Pardons for Offenses against the United States"). That congruence suggests that both powers share similar attributes, despite their differences in scope (the Governor's pardon power applies to offenses under Virgin Islands law; the President's pardon power covers violations of federal law).

Several principles govern the President's pardon power. A pardon mitigates or sets aside punishment for a crime. *See Nixon v. United States*, 506 U.S. 224, 232 (1993); *United States v. Wilson*, 32 U.S. (7 Pet.) 150, 160 (1833). Yet despite the potential for plenary absolution, the pardon power is not an all-or-nothing proposition, and a pardon, in the form of a commutation, may forgive a portion of the punishment. *See Wilson*, 32 U.S. (7 Pet.) at 150 n.3 ("The president has power to grant a conditional pardon to a person under sentence of death, by commuting it into imprisonment for life[.]"). Similarly, a pardon may impose conditions precedent or conditions subsequent. *See id.* at 156. Even at its zenith, however, the pardon power does not extinguish civil liabilities associated with the underlying criminal offense. *See Angle v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co.*, 151 U.S. 1, 19 (1894) ("An executive may pardon and thus relieve a wrongdoer from the punishment the public exacts for the wrong, but neither

4

executive nor legislature can pardon a private wrong, or relieve the wrongdoer from civil liability to the individual he has wronged."). Likewise, a pardon cannot override other constitutional protections. *See Knote v. United States*, 95 U.S. 149, 152-54 (1877); *Pa. Prison Soc. v. Cortes*, 622 F.3d 215, 242-43 (3d Cir. 2010). Ultimately, to determine whether a pardon provides general absolution or is instead subject to limitations or conditions, courts look to the text of the pardon and construe it in the light most favorable to the recipient. *See Knote*, 95 U.S. at 151.

Applying those principles to the Governor's pardon power reveals that Cohen received a general pardon, free from any limitations or conditions. The Governor granted Cohen a "pardon" for his conviction and made clear that the pardon "restore[d] his civil rights in all respects to the extent allowable by law." Order Granting a Pardon (JA at 34-35). The pardon was not a commutation, limited to only a portion of Cohen's punishment. Nor was the pardon subject to any conditions.[1]

Without any limitations or conditions, the general pardon nullified penalties and disabilities that attached to Cohen's offense. *See Nixon*, 506 U.S. at 232; *Wilson*, 32 U.S. (7 Pet.) at 160; *see also Ex parte Garland*, 71 U.S. (4 Wall.) 333, 380 (1866).

---

[1] Contrary to the rule that a pardon is viewed in the light most favorable to the recipient, *see Knote*, 95 U.S. at 151, the Dissent submits that the pardon cannot be 'full' or 'unconditional' because it does not use those precise words. *See* Dis. Op. at 6. But in any light, especially one most favorable to Cohen, the full and unconditional nature of the pardon is evident from (i) the statement that the pardon "restore[s] [Cohen's] civil rights in all respects to the extent allowable by law," and (ii) the absence of any conditions. Order Granting a Pardon (JA at 35).

Consequently, Cohen is no longer bound by his criminal conviction – including the court-ordered restitution schedule.[2]

For that reason, the District Court erred by enforcing the restitution award after Cohen received the pardon. Because the pardon was unconditional, any restitution payments previously deposited in the Court's registry that have not been distributed to the Government of the Virgin Islands must be returned to Cohen. *See Osborn v. United States*, 91 U.S. 474, 474 (1875).

In disagreeing, the Dissent contends that the restitution award does not constitute punishment and therefore cannot be forgiven through pardon. *See* Dis. Op. at 4-5. But as a general matter, a restitution award in a criminal case constitutes part of a defendant's sentence and is punitive. *See United States v. Sleight*, 808 F.2d 1012, 1020 (3d Cir.1987) (explaining that under federal law, restitution, when "imposed as a part of sentencing[,] . . . remains inherently a criminal penalty"); *see also United States v. Edwards*, 162 F.3d 87, 91 (3d Cir.1998) (rejecting the view that under federal law restitution imposed in a criminal case is civil, not criminal). The Supreme Court of the Virgin Islands has reached the same result. *See Hightree v. Virgin Islands*, 60 V.I. 514, 530 (2014). More

---

[2] It is presently immaterial whether Cohen remains bound by his promise in the plea agreement to pay restitution. It may be that his promise to pay restitution survives the pardon because "plea bargains are essentially contracts," *Puckett v. United States*, 556 U.S. 129, 137 (2009). But since plea agreements are executory contracts "until embodied in the judgment of a court," *Mabry v. Johnson*, 467 U.S. 504, 507 (1984), it may also be that by eliminating penalties for the offense, the pardon would reduce the plea agreement to an unenforceable executory contract. Regardless, any lingering contractual obligation that Cohen may have from the plea agreement to pay restitution would be a civil remedy, separate and apart from the criminal sentence, and that sentence has no operative effect after the pardon. *See Angle*, 151 U.S. at 19.

6

specifically still, Cohen was sentenced to probation, and under the Virgin Islands Code, absent substantial reason, a probationary sentence must impose restitution. *See* V.I. Code tit. 5, § 3721. With the inclusion of that restitution order in his probationary sentence, Cohen's failure to pay restitution would trigger revocation proceedings, and potentially a prison sentence. *See* V.I. R. Crim. P. 32.1(a)(2). By carrying the possibility of incarceration as a consequence for non-compliance, *see id.* R. 32.1(a)(6), the restitution order most certainly constitutes part of Cohen's punishment.

While the Governor's pardon extinguishes Cohen's criminal penalty, it does not absolve him of civil tax liability for the years in which he did not pay taxes. Thus, nothing about the pardon prevents the Government of the Virgin Islands from pursuing civil remedies to collect outstanding taxes from Cohen – which do not appear to be precluded by the statute of limitations. *See* V.I. Code Ann. tit. 33, §§ 1161-1163. The pardon simply frees Cohen from criminal penalty associated with his tax liability, which still remains.

For these reasons, we will reverse those parts of the judgment (i) requiring Cohen to pay restitution and (ii) denying a stay of the transfer of Cohen's restitution deposits from the court registry to the Government.

GREENAWAY, JR., *Circuit Judge*, dissenting.

In this case, Jonathan Kalis Cohen seeks to evade paying hundreds of thousands of dollars in owed back taxes. He does so in reliance on a gubernatorial pardon that made no mention of his owed taxes and no attempt to discharge his obligation to pay. Because payment of back taxes is not a "punishment" necessarily discharged by a pardon, I see no basis for extending the gubernatorial pardon to extinguish Cohen's obligation to pay restitution. I must therefore dissent.

I.      *Background*

Cohen was charged with and pled guilty to willful failure to file tax returns and pay taxes in violation of Virgin Islands law. As part of his plea agreement, he agreed to pay restitution in full to the Virgin Islands Government Bureau of Internal Revenue (the "VIBIR") in the amount of $892,402.00. He was also sentenced to five years' probation and ordered to pay $10,000 in fines. He was pardoned in December 2018, well before he finished paying the full amount owed in restitution.

II.     *Cohen's Restitution Consists of Owed Back Taxes*

As a starting point, I emphasize that it is undisputed that the restitution Cohen was ordered to pay consists solely and entirely of Cohen's owed back taxes. Cohen and the VIBIR arrived at this number, $892,402.00, after extensive negotiations with the aid of accountants. As Cohen's attorney stated at the change of plea hearing:

> [W]e've done quite a bit of work between accountants to come to the right numbers. The right numbers are contained in the plea agreement, which is, which just reflects the money owed, it doesn't reflect interest or penalties. And the Government may audit that later. But the agreement is that the

1

restitution is $892,402, and that includes all the income tax in Count 1 and the gross receipts tax in Count 2.

1:14-cr-0041-GWC, Doc. 184, at 9; *see also* JA7 ("Cohen knew that the amount he agreed to pay, and was ultimately ordered to pay, was for payment of taxes.").

It is well understood that, in criminal tax cases, a court may order restitution that consists of and operates as a payment of owed taxes. *See, e.g.*, *United States v. Clayton*, 613 F.3d 592, 596 (5th Cir. 2010) ("[T]he payment of criminal restitution based on taxes owed constitutes the payment of tax."). Cohen was thus ordered to pay $892,402.00 solely to satisfy his owed back taxes: the restitution order did not contain or reflect any other costs.

III.    *A Pardon Only Discharges Punishment*

That the restitution was solely and entirely an assessment of Cohen's owed back taxes bears emphasizing because a pardon can only discharge a defendant's punishment. *See, e.g., Nixon v. United States*, 506 U.S. 224, 232 (1993) ("[T]he granting of a pardon is in no sense an overturning of a judgment of conviction by some other tribunal; it is [a]n executive action that mitigates or sets aside *punishment* for a crime.") (emphasis in original) (internal quotation marks and alteration); *United States v. Wilson*, 32 U.S. (7 Pet.) 150, 160 (1833) ("A pardon is an act of grace, proceeding from the power intrusted with the execution of the laws, which exempts the individual, on whom it is bestowed, from the punishment the law inflicts for a crime he has committed.").

This limitation on the power of a pardon is well understood both in case law and legal literature. In *United States v. Noonan*, 906 F.2d 952 (3d Cir. 1990), for example,

we held that a presidential pardon "does not create any factual fiction that Noonan's conviction had not occurred to justify expunction of his criminal court record. *Poena tolli potest, culpa perennis erit* (The punishment can be removed, but the crime remains)." *Id.* at 960 (internal quotation marks omitted). Our question is therefore whether Cohen's restitution order constituted punishment such that it was discharged as a result of the gubernatorial pardon. In my view, the answer to that question is no.

IV.    *Cohen's Restitution Was Not Punitive*

We have drawn distinctions between compensatory restitution, punitive restitution, and restitution that serves both functions. The nature of restitution depends on the specific case:

> We have held that the purpose of restitution under the Mandatory Victim Reparation Act is to compensate victims for their losses and to make them whole. *United States v. Diaz*, 245 F.3d 294, 312 (3d Cir. 2001); *see also United States v. Mustafa*, 238 F.3d 485, 490 (3d Cir. 2001) (fine is a form of punishment, whereas restitution is merely intended to compensate victims); *Gov't of the Virgin Islands v. Davis*, 43 F.3d 41, 47 (3d Cir. 1994) (restitution is compensatory rather than punitive); *United States v. Kress*, 944 F.2d 155, 159 (3d Cir. 1991) (restitution differs from fine or penalty and is intended to compensate victims).

> On the other hand, in *United States v. Edwards*, 162 F.3d 87 (3d Cir. 1998), we concluded that for *ex post facto* purposes, restitution under the Mandatory Victim Restitution Act is a form of penalty. 162 F.3d at 91–92; *see also United States v. Sleight*, 808 F.2d 1012, 1020–21 (3d Cir. 1987) (prohibiting prejudgment interest because purpose of restitution under Probation Act is to make victim whole; order is imposed as part of sentencing process and remains inherently a criminal penalty). . . .

> A survey of case law illustrates that restitution is best classified as compensatory, punitive, or a combination of both according to the context in which the issue arises.

3

*United States v. Christopher*, 273 F.3d 294, 298–99 (3d Cir. 2001). Restitution is not, therefore, inherently punitive in all circumstances. Whether it is discharged by a pardon should depend on the specific facts.

There may well be a case where we struggle to draw the line between a punitive restitution award and a compensatory restitution award in discerning the reach of a pardon, but this is not that case. Here, there can simply be no question that the restitution was purely compensatory. Cohen was legally obligated to pay $892,402.00 in taxes *regardless of whether he committed any crime*. The restitution reflects a legal obligation to pay taxes that existed as a result of Virgin Islands law. Cohen was required to pay his taxes from 2004 to 2010 but failed to do so. The restitution order does not add anything to his preexisting payment obligation—the punitive component of his sentence was his term of probation and the fines levied.

As the Government aptly argued before the District Court, for that reason this restitution is different from, for example, paying for a victim's medical bills or any property damages that resulted from a crime: "[T]hese are all damages that are a consequence, similar to rebuilding a house after arson, fixing a window after a burglary. These are consequences of the act that gave rise to the criminal punishment. Taxes are not consequential. They were owed before and they were compensatory to the Government of the Virgin Islands." JA107–08.[1]

---

[1] The Majority cites the Supreme Court of the Virgin Islands' decision in *Hightree v. Virgin Islands*, 60 V.I. 514 (2014), for the proposition that restitution is inherently punitive. Maj. Op. at 6. But the crime for which the defendant was ordered to pay restitution in *Hightree* was aggravated rape in the first degree, and the defendant was ordered to pay restitution in

4

I therefore agree with the District Court that an order to pay overdue taxes is not punishment. *See* JA127–28 ("I do not see paying overdue taxes as punishment. These are his taxes, he agreed to pay. So I also make it clear that the restitution in this case for payment of taxes was not penal in nature, it was an order for payment of undue taxes. The record is clear about that."); JA11 ("[T]he restitution order in this case was not a punishment flowing from the crime but a structured agreement under which Cohen would pay his preexisting tax obligations."). For that reason, I would hold that Cohen's purely compensatory restitution order did not fall under the gubernatorial pardon.

## V.     *The Text of the Pardon Does Not Discharge Cohen's Restitution Obligation*

The text of the pardon itself further supports my conclusion. The Majority emphasizes that there are no conditions or limitations described in Cohen's pardon. That is true—the text of the pardon does not explicitly identify conditions. On the flip side, nor does the pardon refer to itself as a "full" or "unconditional" pardon (unlike the "full pardon" in *Knote v. United States*, 95 U.S. 149, 150–51 (1877)). But most importantly, the Majority has not acknowledged that the pardon *makes no reference whatsoever to Cohen's obligation to pay restitution or back taxes*. In marked contrast, the pardon makes specific reference to Cohen's probationary sentence. It states that Cohen "was convicted of failure to file tax returns . . . and sentenced to five (5) years' probation." JA34. Where the pardon makes specific reference to Cohen's probationary sentence, and

---

the form of compensation for the victim's counseling services. *Id.* at 517, 519. Restitution in such a case differs markedly from restitution that consists solely and undisputedly of owed taxes. The Supreme Court of the Virgin Islands has never indicated that restitution in a tax case is inherently punitive.

5

no mention at all of restitution or Cohen's owed taxes, that choice of wording must be viewed as intentional: the Governor's pardon does not manifest any intention to eliminate Cohen's obligation to pay restitution. Indeed, how could it. Governors are not generally in the business of determining an individual citizen's tax liability. Here, the plain language of the pardon does not discharge Cohen's obligation to pay his back taxes—it extinguishes only the remainder of his probationary sentence and any associated limitations on his civil rights.

The Majority's decision will bestow an undeserved windfall on Cohen to the detriment of the people of the Virgin Islands. Of course, the VIBIR may now seek payment through the tax courts. But that process will be lengthy and of immense cost to the Virgin Islands. More important, the fact that the Government of the Virgin Islands may seek civil recourse for unpaid taxes should not be of any consequence here.

Cohen has already admitted that he will attempt to challenge the $892,402.00 figure and assert other defenses in those proceedings to avoid paying the full amount of his back taxes, in spite of the fact that he agreed that the restitution ordered reflected his owed taxes. *See* Oral Arg. 8:29-8:40; 12:08-12:13; 26:40-27:33; 38:13-38:23 (May 20, 2020), https://www2.ca3.uscourts.gov/oralargument/audio/19-1451_GovernmentVirginIslandsv.Cohen.mp3; *see also* JA11 (Cohen stated at his sentencing that he "will still pay [his] obligations in taxes to the Virgin Islands Government."). I see no reason to grant Cohen this windfall where the Governor's pardon made no attempt to extinguish Cohen's restitution obligation. For these reasons, I

6

would affirm the District Court's denial of Cohen's Motion to Vacate.  Given my

divergence of viewpoint, I respectfully dissent.