# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 25, 2021

Lyle W. Cayce
Clerk

No. 20-50257
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RUDY NARANJO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-134-1

Before JONES, BARKSDALE, and STEWART, *Circuit Judges*.

PER CURIAM:*

Rudy Naranjo, federal prisoner # 65240-080, was convicted by a jury of drug and firearm offenses and sentenced to, *inter alia*, 480-months' imprisonment. He challenges the district court's denying his two motions for sentence reduction pursuant to § 404 of the First Step Act of 2018, Pub.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50257

L. No. 115-391, § 404, 132 Stat. 5194, 5222, which provides courts discretion to reduce sentences for certain covered offenses.

The first motion also sought relief under 18 U.S.C. § 3582(c)(2). Additionally, he filed a purported Federal Rule of Civil Procedure 60(b) motion, which the court denied. (The court construed Naranjo's first § 404 motion as an unauthorized motion and denied it for lack of jurisdiction. Therefore, he was not precluded from filing a second motion under § 404(c) of the First Step Act. *See United States v. Hegwood*, 934 F.3d 414, 417 (5th Cir.), *cert. denied* 140 S. Ct. 285 (2019).)

Naranjo's notice of appeal, however, identified only the order denying his second § 404 motion as the subject of his appeal. *See* FED. R. APP. P. 3(c)(1). He did not file a notice of appeal regarding the order dismissing his first § 404 motion or for the order denying his purported Rule 60(b) motion. Therefore, we do not have jurisdiction to review those two orders. *See United States v. Clayton*, 613 F.3d 592, 594 (5th Cir. 2010); *United States v. Coscarelli*, 149 F.3d 342, 343, 343 n.3 (5th Cir. 1998) (en banc). In addition, Naranjo's claiming he was entitled to relief under § 3582(c)(2) was raised in his first § 404 motion and in his Rule 60(b) motion. Therefore, we also lack jurisdiction to consider relief under § 3582(c)(2). *See Clayton*, 613 F.3d at 594.

In short, we have jurisdiction only over the order concerning the second § 404 motion. According to Naranjo, the court erred in denying that motion by not: ordering a revised presentence investigation report (PSR) or conducting a substantive review of the merits; ruling the sentence imposed for his firearms offense was illegal; applying the 2018 Sentencing Guidelines when evaluating his motion; and reversing his career-offender designation. There is no dispute Naranjo's convictions of cocaine-base offenses, in

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), constitute covered offenses under § 404.

A district court's deciding whether to reduce a sentence under the First Step Act is generally reviewed for abuse of discretion. *United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020). "A court abuses its discretion when the court makes an error of law or bases its decision on a clearly erroneous assessment of the evidence." *Id.* at 469 (internal quotation marks and citation omitted). "[T]o the extent the court's determination turns on the meaning of a federal statute such as the [First Step Act], our review is *de novo*". *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020) (internal quotation marks and citation omitted).

With respect to his second motion, Naranjo has not shown the court failed to conduct a complete substantive review or otherwise abused its discretion. *See Batiste*, 980 F.3d at 469. The First Step Act provides the court "limited authority" to reduce a sentence, not authority to conduct "a plenary resentencing proceeding". *Hegwood*, 934 F.3d at 418 (citation omitted). Accordingly, the court did not err by not *sua sponte* ordering a revised PSR. The court considered the parties' claims and declined to exercise its discretion to reduce Naranjo's sentence for the covered cocaine-base offenses because the statutory range and the Guidelines range for his powder cocaine offenses had not changed. It also determined Naranjo's current sentence at the bottom of the Guidelines range was sufficient, but not greater than necessary, to comply with the 18 U.S.C. § 3553(a) sentencing factors.

Concerning whether the sentence for Naranjo's firearms offense was improper, such relief is unavailable under § 404 of the First Step Act because it appears nowhere in the statute. Accordingly, the court did not abuse its discretion by denying the claim. *See United States v. Stewart*, 964 F.3d 433,

438 (5th Cir. 2020) ("*Hegwood* primarily stands for the proposition that defendants seeking relief under section 404(b) of the [First Step Act] cannot take advantage of changes in the law that have nothing to do with [the Fair Sentencing Act of 2010].").

Regarding Naranjo's also contending, for the first time on appeal, that the court failed to apply the 2018 Sentencing Guidelines to his motion for § 404 relief, we need not decide the standard of review for this claim as he fails to show error under any standard, and, in any event, any claimed error was harmless.  Naranjo faced the same imprisonment range of 360-months-to-life under either his original Guidelines calculation or a calculation in which the drug offense level reflects the 2018 Guidelines.  The court did not expressly apply either set of the Guidelines but stated, correctly:  "his [G]uideline range remains 360 months to life"; and "his [G]uideline range did not change".  Moreover, any error in failing to apply the 2018 Guidelines was harmless as it had no impact on the Guidelines range.  *See* FED. R. CRIM. P. 52(a); *see also United States v. Garcia*, 655 F.3d 426, 432 (5th Cir. 2011) (applying harmless-error analysis in reviewing the denial of § 3582(c) relief).

As for Naranjo's maintaining the court erred because it did not reverse his career-offender designation, this claim is foreclosed.  *See Hegwood*, 934 F.3d at 418–19 (rejecting similar challenge to career-offender enhancement in reviewing § 404 motion).

AFFIRMED.