# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2023

Lyle W. Cayce
Clerk

No. 22-40421
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Ralph Nathaniel Thompson,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:98-CR-64-2

_____

Before Smith, Dennis, and Southwick, *Circuit Judges.*

Per Curiam:[*]

Ralph Nathaniel Thompson, federal prisoner # 11165-097, was sentenced to life imprisonment following his conviction for various offenses related to his participation in a drug-distribution and money-laundering enterprise. He now appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which he argues was warranted based on the effects of his previous COVID-19 infection and

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

changes in the law that he contends would today result in a lower sentence for his offenses of conviction. Thompson also argues that the district court erred in denying his motion for reconsideration, but that ruling is not properly before us because Thompson did not file a notice of appeal from the denial of reconsideration. *See United States v. Clayton*, 613 F.3d 592, 594 (5th Cir. 2010).

We review the denial of a motion under Section 3582(c)(1)(A)(i) for an abuse of discretion. *United States v. Cooper*, 996 F.3d 283, 286 (5th Cir. 2021). Under Section 3582(c)(1)(A)(i), a district court may reduce a defendant's sentence if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds a reduction to be consistent with applicable policy statements from the Sentencing Commission and justified by "extraordinary and compelling reasons." § 3582(c)(1)(A)(i).

We need not consider whether the district court erred by determining that Thompson failed to show extraordinary and compelling reasons warranting relief; the district court's alternative consideration of the Section 3553(a) factors provides a sufficient basis for affirmance. *See United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020); *see also United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022). Thompson's mere disagreement with the district court's weighing of the Section 3553(a) factors does not warrant reversal. *See Chambliss*, 948 F.3d at 694.

AFFIRMED.