# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 21, 2024

Lyle W. Cayce
Clerk

No. 23-50296
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Nelsin Mauricio Martinez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-748-1

Before Jones, Smith, and Dennis, *Circuit Judges*.

Per Curiam:[*]

Nelsin Mauricio Martinez was convicted of illegally reentering the United States. At sentencing, the district court ordered a within-guidelines 54-month prison term and three years of supervised release. During the same hearing, the court imposed a six-month prison term after confirming that Martinez violated the conditions of his supervised release in a separate

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

criminal case.    The court ordered the revocation sentence to run consecutively to the 54-month prison term.  Martinez appealed only the sentence imposed in his illegal reentry case. *See* Fed. R. App. P. 3(c)(1).

Martinez argues on appeal that ordering the prison terms to run consecutively resulted in an unreasonable sentence that was greater than necessary to achieve the goals in 18 U.S.C. § 3553(a) and that the district court failed to provide an adequate explanation of its decision to impose consecutive sentences.    Further, Martinez contends that his within-guidelines prison term failed to meet § 3553(a)'s goals because the illegal reentry guideline, U.S.S.G. § 2L1.2, double counted his criminal history and overstated the seriousness of his illegal entry offense, which did not pose a danger to others, was not a crime of violence, and was not *malum in se*.

To the extent Martinez challenges the consecutive sentence imposed during the revocation proceeding, we do not have jurisdiction and dismiss his appeal. *See* Fed. R. App. P. 3(a), (c)(1); *see also Smith v. Barry*, 502 U.S. 244, 248 (1992); *United States v. Clayton*, 613 F.3d 592, 594 (5th Cir. 2010). To the extent Martinez raises arguments that are not related to his revocation sentence and apply only to his illegal reentry sentence, we affirm.  We have rejected Martinez's argument that a within-guidelines sentence is necessarily unreasonable because § 2L1.2 double counts prior convictions, *see United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), and his argument based on the non-violent nature of an illegal reentry offense, *see United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008).  His arguments thus do not rebut the appellate presumption of reasonableness. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-657 (5th Cir. 2009).

Accordingly, the judgment is DISMISSED IN PART and AFFIRMED IN PART.