NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, USA on behalf of RURAL UTILITIES SERVICE, an agency of the Department of Agriculture, | No.   23-16054 |
| Plaintiff-Appellee, | D.C. No. 1:18-cv-00145-JMS-RT |
| v. | |
| TAMASHIRO SOGI & BONNER, ALC, | MEMORANDUM* |
| Creditor-Appellant, | |
| v. | |
| SANDWICH ISLES COMMUNICATIONS, INC.; et al., | |
| Defendants, and | |
| FIRST INSURANCE COMPANY OF HAWAII, LTD., Garnishee, | |
| Real-party-in-interest-Appellee. | |

Appeal from the United States District Court
for the District of Hawai'i
Rom Alex Trader, Magistrate Judge, Presiding

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 12, 2024[]
Honolulu, Hawaiʻi

Before:  CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Tamashiro Sogi & Bonner ("TSB"), a law corporation, appeals from a district court order overruling TSB's objection to the government's writ of garnishment on the proceeds of a settlement (the "Settlement Fund") in a civil action.  TSB, which had represented Sandwich Isles Communications in that action, asserted that, pursuant to the "common fund doctrine," it was entitled to recover attorneys' fees from the Settlement Fund.  The district court ordered the Settlement Fund to be paid to the United States pursuant to its writ of garnishment.  We affirm.

TSB's assertion of an interest in the Settlement Fund pursuant to the common fund doctrine is a request for equitable relief.  *See US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100 (2013).  We review the denial of equitable relief for abuse of discretion.  *GCIU-Emp. Ret. Fund v. MNG Enters., Inc.*, 51 F.4th 1092, 1097 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 2665 (2023).  We also review a final order of garnishment for abuse of discretion.  *United States v. Clayton*, 613 F.3d 592, 595 (9th Cir. 2010).

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

TSB's sole contention is that its claim to the Settlement Fund based on the common fund doctrine was superior to the government's writ of garnishment. The only authority it cites to support its claim is *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759 (9th Cir. 1977).

The district court did not abuse its discretion in overruling TSB's objection. In *Vincent*, we explained that the common fund doctrine "provides that a private plaintiff, or his attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of his litigation, including attorneys' fees." *Id*. at 769. As suggested by its name, the "common fund" doctrine is designed to address the interests of litigating parties to an asset that is created as a result of that litigation. *See id.* Here, the state court litigation that approved the Settlement Fund did not create a common fund. In this action, the government merely garnished the recovery as a creditor of Sandwich Isles Communications, TSB's client. TSB does not claim that it had an interest in the Settlement Fund superior to that of its client. Thus, the common fund doctrine, the only basis TSB offers on appeal for its interest in the Settlement Fund, did not give the firm a superior interest to that of the United States.

**AFFIRMED.**