46 F.3d 21
 75 A.F.T.R.2d 95-855, 95-1 USTC P 50,079
 Rebecca S. WOODS, Individually and as Administratrix of the
Estate of Mary Ruth Simpson, Plaintiff-Appellee,
v.
David SIMPSON; Jimmi Simpson Jones; United States
Department of Treasury, Internal Revenue Service
(93-6478); Commonwealth of Kentucky,
Revenue Cabinet (93-6590),
Defendants-Appellees,
The Commonwealth of Kentucky Revenue Cabinet (93-6478);
United States Department of Treasury, Internal
Revenue Service (93-6590), Defendants-Appellants.
 Nos. 93-6478, 93-6590.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 15, 1994.
Decided Feb. 8, 1995.
 
 1
 David J. Kellerman, Middleton & Reutlinger, Louisville, KY, for plaintiff.
 
 
 2
 R. Thomas Blackburn, Jr. (argued and briefed); Michael F. Spalding, Asst. U.S. Atty., Office of the U.S. Atty., Louisville, KY, David C. Hickman, U.S. Dept. of Justice, Tax Div.; Joan I. Oppenheimer (argued), John A. Dudeck, Bruce R. Ellisen, Gary R. Allen, Acting Chief (briefed), U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, and Donald S. Guier and Arnold C. Jones (argued and briefed), Revenue Cabinet, Enforcement Legal Section, Frankfort, KY, for defendants.
 
 
 3
 Before: RYAN and BATCHELDER, Circuit Judges; and EDGAR, District Judge.*
 
 
 4
 EDGAR, District Judge.
 
 
 5
 In this interpleader action the United States of America and the Commonwealth of Kentucky appeal the decision of the district court on cross motions for summary judgment establishing the priority of competing federal and state tax liens, and state court judgments for child support. The district court determined that the child support judgments are to be paid from the interpleaded funds prior to satisfaction of the federal tax lien. We REVERSE.
 
 I.
 
 6
 Mary Ruth Simpson died on November 1, 1989. Rebecca S. Woods, administratrix of the estate of Mary Ruth Simpson, was required by Mrs. Simpson's will to distribute a share of the estate's residue to David B. Simpson, one of Mrs. Simpson's children. David Simpson's share amounted to $76,411.20, and this sum was paid into state court by the administratrix who filed an interpleader action against four claimants: David Simpson, the United States Department of the Treasury, Internal Revenue Service; the Commonwealth of Kentucky Revenue Cabinet; and David Simpson's former wife, Jimmi Jones. The United States removed the case to federal court.
 
 
 7
 David Simpson's claim to the interpleaded funds was dismissed by the district court. He has not appealed. The United States' claim is for David Simpson's unpaid income taxes, penalties and lien fees for the years 1973 through 1987 totaling $331,434.52. The United States filed a notice of federal tax lien with the Jefferson County, Kentucky Court Clerk on October 13, 1988. The Commonwealth of Kentucky had recorded its lien for state taxes on July 28, 1988. As of March 25, 1993, David Simpson owed Kentucky $27,498.58. Jimmi Jones obtained civil judgments in 1980 and 1989 against David Simpson for back child support. She recorded notices of her judgment lien on March 21, 1990.[1] As of September 30, 1993, the unpaid balance of these judgments was $23,955.22.
 
 II.
 
 8
 There is no question that the lien of the United States is superior to that of the Commonwealth of Kentucky. Both the federal and state tax liens were filed before the debtor, David Simpson, acquired his inheritance. Even though Kentucky's lien was recorded before that of the United States, these liens attached simultaneously when David Simpson acquired his property interest in the estate of Mary Simpson at the time of her death. The United States lien, therefore, has priority. United States v. McDermott, --- U.S. ---, ---, 113 S.Ct. 1526, 1530, 123 L.Ed.2d 128, 136 (1993).
 
 
 9
 The lien of the United States is also prior to Jimmi Jones' judgment lien. The federal lien was perfected and attached to David Simpson's acquired property before Jimmi Jones recorded her lien on March 21, 1990. "Absent provision to the contrary, priority for the purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.' " McDermott, --- U.S. at ----, 113 S.Ct. at 1528, 123 L.Ed.2d at 133 (citing United States v. New Britain, 347 U.S. 81, 85, 74 S.Ct. 367, 370, 98 L.Ed. 520 (1954)).
 
 
 10
 The district court decided that 26 U.S.C. Sec. 6334(a)(8) exempted Jimmi Jones' claim from the federal tax lien. We think not. 26 U.S.C. Sec. 6334(a)(8) exempts from Internal Revenue Service levy the following:
 
 
 11
 (8) Judgments for Support of Minor Children.--If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.
 
 
 12
 We conclude that David Simpson's inheritance is not "other income" specified by 26 U.S.C. Sec. 6334(a)(8). In so concluding we are guided by the ejusdem generis rule of statutory construction. The general term, "other income," should be "understood in light of the specific terms that surround it." Kurinsky v. United States, 33 F.3d 594, 596-97 (6th Cir.1994). More specifically, "where general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." 2A NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION Sec. 47.17, at 188 (5th ed.1992). Here, an inheritance is not in the same category as salary and wages. This is borne out by reference to another part of the levy exemption statute, 26 U.S.C. Sec. 6334(d), which provides an exemption in specified amounts for "wages, salary, and other income" received by individuals on a weekly and other than weekly basis. Clearly "other income" refers to items received by individuals for services rendered, such as bonuses, tips, commissions, and fees. This conclusion derives further support from the proposition that tax exemptions are to be narrowly construed. United States v. Burke, 504 U.S. 229, ---, 112 S.Ct. 1867, 1876, 119 L.Ed.2d 34, 49 (1992) (Scalia, J., concurring); United States v. Centennial Savings Bank, 499 U.S. 573, 582-83, 111 S.Ct. 1512, 1518-19, 113 L.Ed.2d 608 (1991); Commissioner v. Jacobson, 336 U.S. 28, 49, 69 S.Ct. 358, 369, 93 L.Ed. 477 (1949); Elam v. Commissioner, 477 F.2d 1333, 1335 (6th Cir.1973). Given our conclusion that 26 U.S.C. Sec. 6334(a)(8) does not exempt an inheritance from levy, we need not decide whether 26 U.S.C. Sec. 6334 also operates to exempt certain property from a 26 U.S.C. Sec. 6321 federal lien for taxes, nor need we decide whether the Commonwealth of Kentucky prevails on a theory that it is entitled to "circular priority" on the authority of United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954).
 
 III.
 
 13
 Since the tax liability to the United States is well in excess of David Simpson's inheritance, the United States is entitled to the entire interpleaded fund except for $1,211.38 which the district court awarded to plaintiff's attorney as an administrative expense. The judgment of the district court is REVERSED and this case is REMANDED to the district court for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 This lien appears to have been recorded only against David Simpson's real property. We will, however, for the purposes of this case, regard it as applicable to all of David Simpson's real and personal property