# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2011

No. 10-10917

Lyle W. Cayce
Clerk

United States of America

Plaintiff-Appellee

v.

Gerald Stone, Individually, also known as Gerald A. Stone,
doing business as Ranscott Construction Incorporated,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-1632

Before KING, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In an earlier, criminal case, both Defendant-Appellant Gerald Stone and
his wife, Barbara Hildenbrand, pleaded guilty to Conspiracy to Commit Theft
from an Organization and Attempt to Evade or Defeat Tax. As part of his
sentence, Stone was required to pay $672,221 in restitution to the Department
of Housing and Urban Development. In the instant civil case, the government
brought a separate garnishment action against only Stone, seeking funds from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-10917

a number of his bank accounts.  Stone now asserts that the judgment in the criminal case was illegal and that the district court in that case has already quashed his garnishment.  Stone requested a hearing to voice his grievances.  The district court disagreed and ordered civil writs of garnishment issued.  We affirm.

## I.  FACTS AND PROCEEDINGS

Defendant-Appellant Gerald Stone pleaded guilty to Conspiracy to Commit Theft from an Organization in violation of 18 U.S.C. §§ 371 and 666 and Attempt to Evade or Defeat Tax in violation of 26 U.S.C. § 7201.  As part of his sentence, Stone was required to pay $672,221 in restitution to the Department of Housing and Urban Development.  A lien for this amount arose automatically against Stone pursuant to 18 U.S.C. § 3613(c).  A payment schedule was created as part of Stone's sentence, which mandated that he pay $200 per month in satisfaction of his restitution obligation, commencing sixty days after his release from prison.

In the same criminal case, Hildenbrand pleaded guilty to defrauding the Department of Housing and Urban Development and Aiding and Abetting, in violation of 18 U.S.C. § 1012 and 2.  She was ordered to pay restitution in the same amount as Stone, and her obligation was made joint and several with his.  Hildenbrand and Stone unsuccessfully appealed their convictions and sentences.

The government initiated two separate civil garnishment cases, one against Hildenbrand and the other against Stone. Meanwhile, Hildenbrand filed a motion in the criminal case to quash the liens against both her and Stone.  Stone did not sign this motion.  The district court in the criminal case granted Hildenbrand's  motion, and the government voluntarily dismissed the garnishment action against her.  Interpreting the order as inapplicable to Stone, the government continued to pursue the instant civil garnishment action against him.

2

No. 10-10917

In the district court, Stone insisted that the order granting the motion to quash filed by Hildenbrand in the criminal case barred the government from civilly garnishing his assets here. He also contended that the underlying criminal judgment was invalid because (1) the district court lacked subject matter jurisdiction, (2) the restitution ordered was not for the count of conviction, (3) the sentencing court did not explain how it arrived at the restitution amount, and (4) the judgment was imposed in violation of his plea agreement. The district court rejected these claims and entered a final order of garnishment. Stone timely filed a notice of appeal.

## II. ANALYSIS

### A. Standard of Review

We review the district court's determination of the res judicata effect of a prior judgment de novo.[1] We review the denial of Stone's request for a hearing for abuse of discretion.[2]

### B. Subject Matter Jurisdiction and the Validity of the Restitution Order

Stone advances that the district court in his criminal case did not have subject matter jurisdiction and that the restitution judgment was illegally imposed. Stone cannot collaterally attack issues fully and finally decided in a prior proceeding.[3] As the parties in this case and those in privity with them

---

[1] *See United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007).

[2] *See, e.g.*, *United States v. Jimenez*, 509 F.3d 682, 694 (5th Cir. 2007).

[3] *Travelers Indem. Co. v. Bailey*, 129 S. Ct. 2195, 2205 (2009) ("[O]nce the [orders in the previous case] became final on direct review (whether or not proper exercises of bankruptcy court jurisdiction and power), they became res judicata to the parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." (quotation marks and citation omitted)); *Kontrick v. Ryan*, 540 U.S. 443, 455 n.9 (2004) (noting that, although a litigant may raise an issue of subject matter jurisdiction at any time, "[e]ven subject-matter jurisdiction [ ] may not be attacked collaterally").

3

No. 10-10917

were parties in the criminal case and were given a fair opportunity to challenge these issues in the trial court and on appeal, they cannot challenge them now.[4] Even if neither the district court nor any of the parties addressed subject matter jurisdiction, it still may not be attacked collaterally.[5] Stone's criminal judgment became final on direct appeal during proceedings in which he made many of the same arguments that he advances here. He cannot now make arguments that he made or should have made on direct appeal.

## C.  The Government May Seek Writs of Garnishment Against Stone

Stone asserts that the government may not seek writs of garnishment against him because the district court in the criminal case granted Hildenbrand's motion to quash the restitution lien.[6] The district court in the criminal case has affirmatively dispelled this interpretation of its order granting the motion to quash. Stone and Hildenbrand had filed a motion to correct clerical error in the criminal case because, as only she had signed that motion and only she was listed in the header of court's the order, the government interpreted the order granting Hildenbrand's motion to quash as applying to her only. In a November 18, 2008 hearing, the district court denied this motion to correct, clarifying that Stone had not signed the motion and that Hildenbrand could not have acted as his attorney in filing such motion. We decline to disturb the district court's clarification. That court's order granting Hildenbrand's motion to quash does not provide relief for Stone and thus does not preclude the government from bringing the instant action.

---

[4] *Travelers Indem. Co.*, 129 S. Ct. at 2206.

[5] *See United States v. County of Cook, Ill.*, 167 F.3d 381, 388 (7th Cir. 1999).

[6] Hildenbrand titled her motion as one to quash restitution lien, but the district court interpreted it as a motion to quash writs of garnishment. Moreover, we have found no authority for quashing statutorily imposed liens.

4

No. 10-10917

## D. The District Court did not Abuse its Discretion in Denying the Hearing

The issues that may be raised at a hearing like the one sought by Stone are (1) the probable validity of a claim of exemption by the debtor, (2) the government's compliance with statutory requirements for the issuance of the postjudgment remedy, and (3) particular issues dealing with default judgments.[7] This case does not involve a default judgment, so only the first two issues could potentially be in play. Stone fails to assert any noncompliance with the statutory requirements for the remedy granted here. Neither does he adequately demonstrate the probable validity of a claim of exemption because he does not coherently describe the exemption that he is asserting. Stone has not shown in any way that the district court abused its discretion in refusing to grant a hearing.

### III. CONCLUSION

As Stone may not collaterally attack issues in his underlying criminal case, and as the order granting the motion to quash in that case did not apply to Stone, the district court's issuance of the final order of garnishment and its denial of the request for a hearing are, in all respects,

AFFIRMED.

---

[7] 28 U.S.C. § 3202(d).

5