# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2021

Lyle W. Cayce
Clerk

No. 19-10186

United States of America,

*Plaintiff—Appellee*,

*versus*

Thomas Roy Clark,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:17-CR-17

Before Higginbotham, Costa, and Oldham.

Gregg Costa, *Circuit Judge*:

Thomas Clark owes more than half a million dollars in restitution for health care fraud. To recover some of this amount, the United States sought to garnish accounts Clark maintains with brokerage firms and life insurance companies. The district court issued writs of garnishment for those accounts. Clark argues that two retirement accounts should not be garnished because of a law exempting "salary, wages, or other income . . . necessary to comply" with child-support orders. 26 U.S.C. § 6334(a)(8). Both sides agree the accounts are not "salary" or "wages." So the issue on appeal is

whether the retirement accounts are "other income" within the meaning of this statute.

I.

Clark pleaded guilty to health care fraud after operating a chiropractic clinic that fraudulently billed insurance companies for services he performed without a license. The district court sentenced Clark to 41 months' imprisonment and ordered him to pay the defrauded insurance companies $514,576.29 under the Mandatory Victim Restitution Act (MVRA). *See* 18 U.S.C. § 3613(a).

The Act generally allows the government to garnish any of the defendant's property to satisfy a restitution order. *United States v. Elashi*, 789 F.3d 547, 549 (5th Cir. 2015) (citing 18 U.S.C. § 3613(a)). Only certain categories of property are exempt. The restitution statute borrows these exemptions from the federal tax code. 18 U.S.C. § 3613(a)(1) (incorporating 26 U.S.C. § 6334(a)). If the IRS cannot seize a particular type of property for failure to pay taxes, then in most cases the government cannot garnish that property to satisfy a defendant's restitution obligation. *See id.* ("[P]roperty exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law.").

Clark invokes one of those exemptions. It provides that a defendant who has a court-ordered child-support obligation can prevent the government from garnishing "so much of his salary, wages, or other income as is necessary to comply with" the child-support judgment. 26 U.S.C. §

No. 19-10186

6334(a)(8).  Because Clark did not timely raise his other objections to the garnishment,[1] this appeal addresses only this child-support exemption.

Clark estimates that he owes $1,000 per month in child support (his Presentence Report listed the figure as $634/month).  He argues that funds he holds in two "retirement accounts" are exempt from garnishment to the extent that, if withdrawn, they would constitute "other income" he needs to meet these support obligations.  One of the accounts is a revocable living trust with Edward D. Jones & Co.  As of April 2018, the account had a "value of $4,486.05 comprised of shares of 3 mutual funds."  The other is an Individual Retirement Account (IRA)[2] with Southern Farm Bureau Life Insurance.  In April 2018, it had a value of $52,825.57.  We must determine if the district court properly granted a final garnishment order permitting the government to seize these funds to help satisfy Clark's restitution debt.

---

[1] A defendant must object to a writ of garnishment within twenty days of receiving notice from the court clerk.  28 U.S.C. § 3202(d).  Clark obtained two extensions of this deadline.  Still, several of his objections to the garnishment writs were made for the first time in a response filed after his extra time had already run out and the court had granted a final garnishment order.

Clark also argues that the district court abused its discretion by declining to hold an evidentiary hearing on his objections to the government's garnishment writs.  He is not entitled to an evidentiary hearing, however, unless he "adequately demonstrate[s] the probable validity of [his] claim of exemption."  *United States v. Stone*, 430 F. App'x 365, 368 (5th Cir. 2011) (per curiam).  As we explain below, Clark has not made this showing.

[2] An IRA is an account that offers tax advantages to individuals saving for retirement.  BITTKER, MCMAHON, & ZELENAK, FEDERAL INCOME TAXATION OF INDIVIDUALS ¶ 40.05 (3d ed. 2020).  Individuals who qualify can pay into a traditional IRA annually and deduct those contributions from taxable income, allowing the accountholder to avoid paying taxes on funds held in his IRA until he withdraws them, typically during retirement.  *Id.*  The funds in an IRA can be invested "in any type of financial assets other than life insurance or 'collectibles.'"  *Id.*

## II.

Although we generally review a district court's garnishment order for abuse of discretion, we take a closer look when the appeal turns on an issue of statutory interpretation. That is because "[a] district court necessarily abuses its discretion if its conclusion is based on an erroneous determination of the law." *Elashi*, 789 F.3d at 548. We therefore consider de novo whether Clark's accounts qualify for the child-support exemption.

The MVRA generally permits the government to garnish assets held in a retirement account, including an IRA, to satisfy a restitution order. *See United States v. Berry*, 951 F.3d 632, 636 (5th Cir. 2020). But we have not decided whether retirement account assets otherwise subject to garnishment may qualify as "salary, wages, or other income" exempt from seizure under section 6334(a)(8) when needed for child support. This question came up in a case last year, but we declined to answer it because that defendant had not demonstrated that his IRA assets were "necessary to comply with [a] child support judgment." *United States v. Dominguez*, 820 F. App'x 312, 313 (5th Cir. 2020). In contrast, Clark, who was incarcerated and had no source of income when he challenged the garnishment, likely needed at least some of the money in his retirement accounts to meet his child-support obligations.[3]

To determine whether retirement account assets constitute "other income" beyond the government's reach, we start with the law's text. *See United States v. Mahmood*, 820 F.3d 177, 188 (5th Cir. 2016). The tax code does not provide a standalone definition of "income." It instead targets "gross income," which includes "all income from whatever source

---

[3] If we were to hold that the accounts are "other income" within the meaning of the exemption, a hearing in the district court would be needed to determine how much money from those accounts Clark requires to meet his child-support obligations.

derived," subject to specific exclusions. 26 U.S.C. § 61(a); *see also* Bittker, McMahon, & Zelenak, Federal Income Taxation of Individuals ¶ 3.01 (3d ed. 2020). The Supreme Court has explained that a taxpayer's "gross income" encompasses all "undeniable accessions to wealth." *Comm'r v. Glenshaw Glass Co.*, 348 U.S. 426, 431 (1955). Dictionaries likewise broadly define income to cover money received "from employment, business, investments, royalties, gifts, and the like." *Income*, Black's Law Dictionary (11th ed. 2019); *see also Income*, Webster's Third New International Dictionary (2002) (defining income, in part, as "a gain or recurrent benefit that is usu[ally] measured in money and for a given period of time").

Despite these expansive definitions of income, income is a different category than assets. An asset is "an item of value owned." *Asset*, Webster's Third New International Dictionary (2002). Assets themselves are usually not income, though assets often generate income. *See* Bittker et al. ¶ 34.01 (describing "stocks, bonds, real estate, or other income-producing assets"). Consider an asset like real estate. The value of a home is not income, though rental payments the home might "periodically" generate would be income. 26 U.S.C. § 61(a)(5).

A bank or investment account is similar. The corpus of the account—amounts previously deposited into the account which counted as income when they were first received by the accountholder—is an asset but not income. *Cf. Usery v. First Nat'l Bank of Ariz.*, 586 F.2d 107, 110–11 (9th Cir. 1978) (holding that money deposited into a bank account no longer constituted "earnings" under the Consumer Credit Protection Act); *Citronelle-Mobile Gathering, Inc. v. Watkins*, 934 F.2d 1180, 1191 (11th Cir. 1991) (checks received for personal services no longer considered "compensation" under state law "once commingled with other funds" in a bank account). The accountholder does not have to keep paying tax on the

corpus of the account every year.  But the money the corpus generates each year—whether as interest, dividends, or capital gains—is income.  26 U.S.C. §§ 61(a)(3), (4), (7).

Under this basic distinction between income and assets, the corpus of a typical bank or brokerage account would not be considered "other income."  Perhaps this is why Clark does not seek the child-support exemption for most of the accounts the government seeks to garnish.

The "income" question is not so simple, however, when it comes to Clark's IRA.  *But see United States v. Jones*, 2013 WL 1151494, at *7 (D. Kan. Jan. 29, 2013) (concluding without detailed analysis that IRA funds were not exempt as "other income" under section 6334(a)(8)). The corpus of a traditional IRA was never taxed as income.  *See supra* note 2.  So when an individual withdraws money from a traditional IRA, that distribution—the corpus as well as any gains—is taxed.  26 U.S.C. § 408(d)(1).  The same is true when assets in an IRA are garnished to satisfy the accountholder's debt rather than distributed to the accountholder directly.  *Vorwald v. Comm'r*, 1997 WL 5788, at *1 (T.C. Jan. 8, 1997) (citing *Helvering v. Horst*, 311 U.S. 112, 116 (1940)); *see also* 26 C.F.R. § 1.408–4.  Because the garnishment "discharge[s] a legal obligation" owed by the accountholder, the amount of the debt discharged is considered part of the accountholder's income. *Vorwald*, 1997 WL 5788, at *1 (citing *Old Colony Tr. Co. v. Comm'r*, 279 U.S. 716, 729 (1929)).

Looking solely at the ordinary definition of "income" thus does not resolve whether a retirement account qualifies.  As a result, we turn to canons of construction to help resolve the uncertainty.

One familiar canon instructs us to view "other income" more narrowly in the context of section 6334(a)(8).  When confronted with a list of specific terms that ends with a catchall phrase, courts should often limit the

catchall phrase to "things of the same general kind or class specifically mentioned." Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 199 (2012). Section 6334(a)(8) offers a textbook example of this *ejusdem generis* principle, indicating that we should read "salary, wages, and other income" as "salary, wages, and other [*similar*] income." *See United States v. Koutsostamatis*, 956 F.3d 301, 308 (5th Cir. 2020).

The Sixth Circuit did just that, concluding that an inheritance was not protected from an IRS levy as "other income" under section 6334(a)(8) because "an inheritance is not in the same category as salary and wages." *Woods v. Simpson*, 46 F.3d 21, 24 (6th Cir. 1995). The *Woods* court held that "other income" must instead be limited to "items received by individuals for services rendered, such as bonuses, tips, commissions, and fees." *Id.*; *see also United States v. Taylor*, 2001 WL 1172185, at *1–2 (N.D. Tex. Sept. 27, 2001) (holding that funds withdrawn from the defendant's bank account as cash and a certified check did not constitute "other income" under section 6334(a)(8)).

Another part of the levy exemption statute reinforces the conclusion that "other income" should be limited to things like salary or wages that are received for "services rendered." *Woods*, 46 F.3d at 24. The subsection of the statute immediately following the child-support exemption allows, for tax but not restitution purposes,[4] a minimum exemption for "wages, salary, and other income." 26 U.S.C. § 6334(a)(9). The rules for calculating this minimum exemption further demonstrate that "other income" is income akin to salary and wages. *See id.* § 6334(d). In calculating the minimum

---

[4] The MVRA does not incorporate section 6334(a)(9), so a defendant cannot claim this exemption to defend against a writ of garnishment issued to satisfy a restitution obligation. *See* 18 U.S.C. § 3613(a)(1).

exemption, the statute first addresses individuals who are "paid or receive[] all of [their] wages, salary, and other income on a weekly basis." *Id.* § 6334(d)(1). The only other situation is when the taxpayer receives income not weekly but still "during any applicable pay period or other fiscal period." *Id.* § 6334(d)(3). And in that case, which still contemplates periodic payments, the exempt amount must be calculated "as nearly as possible [to] result in the same total exemption from levy for such individual . . . [as if] he were paid or received such wages, salary, and other income on a regular weekly basis." *Id.*

Calibrating the minimum exemption to a weekly amount makes sense for salary, wages, and even less consistent (but still usually periodic) payments for services rendered like "bonuses, tips, commissions, and fees." *Woods*, 46 F.3d at 24 (recognizing that section 6334(d) makes "clear[]" that "other income" refers to these types of income). It does not make much sense for the one-time liquidation of an investment account. And if an investment account is not "other income" for the exemption in subsection 6334(a)(9), then it should not be "other income" for the child-support exemption that directly precedes it. *Sorenson v. Sec'y of Treas.*, 475 U.S. 851, 860 (1986) ("The normal rule of statutory construction assumes that identical words used in different parts of the same act are intended to have the same meaning." (citation omitted)); *see also United States v. Grigsby*, 2015 WL 471248, at *2 (D. Kan. Feb. 4, 2015) (noting that section 6334(a)(8) did not support an exemption for pension account funds that "may be distributed as a lump sum payment" rather than periodically).

We thus agree with the Sixth Circuit that the child-support exemption only applies to money akin to salary and wages—meaning amounts received directly for labor such as "bonuses, tips, commissions, and fees." *Woods*, 46 F.3d at 24. That does not describe Clark's retirement accounts, so the judgment garnishing those accounts is AFFIRMED.