# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60586
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Dwayne G. Deer,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:08-CR-89-1

_____

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Dwayne G. Deer was ordered to pay restitution after pleading guilty in 2008 to conspiracy to commit bank fraud. In 2022, pursuant to the Mandatory Victims Restitution Act (MVRA) and the Federal Debt Collection Procedures Act, the Government successfully applied to the

_____

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60586

district court to enforce the restitution order by garnishing Deer's earnings and a 401(k)-retirement account in his name. Deer now appeals the order of garnishment. This court generally examines questions of law de novo but otherwise reviews garnishment orders for an abuse of discretion. *United States v. Clark*, 990 F.3d 404, 407 (5th Cir. 2021).

Arguing that the restitution order is void or else defective on various statutory and constitutional grounds, Deer asks this court to vacate, modify, or otherwise act upon it.[1] However, his appeal from the garnishment proceeding did not bring up the restitution order for review. *See United States v. Clayton*, 613 F.3d 592, 594 (5th Cir. 2010); *United States v. Onyeri*, 996 F.3d 274, 281-83 (5th Cir. 2021). To the extent Deer seeks to appeal the restitution order, that portion of the appeal is DISMISSED. *See Clayton*, 613 F.3d at 594.

Deer also disputed the restitution order's validity during his garnishment proceeding in the district court. As that court recognized, a judgment debtor "may not use a garnishment proceeding to challenge the underlying judgment and restitution order in his case." *Onyeri*, 996 F.3d at 281. Although Deer maintains that jurisdictional defects in a prior proceeding are always open to attack, he is mistaken. *See Travelers Indemn. Co. v. Bailey*, 557 U.S. 137, 152-53 (2009); *United States v. Parker*, 927 F.3d 374, 381 n.9 (5th Cir. 2019). In any event, the one argument that he presents as jurisdictional cannot be viewed as such. *See Dolan v. United States*, 560 U.S. 605 (2010). Deer accordingly fails to show that the district court erred in finding his collateral attacks on the restitution order barred.

---

[1] Deer entered a plea agreement with the Government that includes a waiver of his right to appeal or otherwise challenge his conviction and sentence. To the extent the Government asks us to enforce the waiver, the issue is pretermitted. *See United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006).

No. 22-60586

Next, Deer argues that the enforcement of liens securing restitution debt is subject to a 10-year statute of limitations based on 26 U.S.C. § 6502(a)(1) and related provisions of the Revenue Code. As Deer notes, the MVRA makes restitution enforceable in the same manner as federal tax liens. *See* 18 U.S.C. § 3613(c), (f). It does not follow that provisions of the Revenue Code apply in this context as a matter of course, however. *See United States v. Tilford*, 810 F.3d 370, 372 (5th Cir. 2016) ("Criminal restitution, even as a penalty for a failure to pay taxes, is not a tax."); *United States v. Clark*, 990 F.3d 404, 409 & n.4 (5th Cir. 2021). Furthermore, § 3613 makes restitution under the MVRA enforceable "[n]otwithstanding any other Federal law," and we have construed that language as overriding any conflicting provisions. § 3613(a); *see United States v. Elashi*, 789 F.3d 547, 551-53 (5th Cir. 2015).

Deer also contends that the Government failed to comply with the requirements of § 3612(d) and (e), but he again fails to show that the provisions invoked apply here. Nor has he shown that his 401(k) account is exempt from garnishment. *See United States v. DeCay*, 620 F.3d 534, 540-41 (5th Cir. 2010). Deer's remaining arguments are unavailing because they fail to suggest any error on the part of the district court or because they are inadequately briefed. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010). This court construes pro se filings liberally, but even pro se litigants must brief arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, the order of garnishment is AFFIRMED.

AFFIRMED IN PART; DISMISSED IN PART.